IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PORTIA OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Act. No: 2:19-cv-626-SMD |
| | ) | |
| CINTAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the undersigned is Plaintiff Portia Osborne's ("Osborne") Motion to Remand (Doc. 6), arguing that Defendant Cintas is unable to prove that its case meets the $75,000 amount-in-controversy requirement, and therefore, the case should be remanded to state court. Cintas filed a Response in Opposition (Doc. 10), and Osborne filed a Response in Opposition (Doc. 11); thus, the matter is ripe for review. For the reasons that follow, Osborne's Motion is due to be granted.

### I.    BACKGROUND

This case arises from a slip-and-fall by Osborne at the social security building in Montgomery, Alabama, where she worked. (Doc. 1-3). Osborne alleges that Cintas' agent left a rolled-up mat in a doorway that was difficult to see, causing her to fall. *Id.* After the fall, Osborne sustained a concussion that led to ongoing severe headaches, as well as a broken toe (thought to result in permanent damages) and an unspecified injury to her knee. *Id.* Additionally, the fall is alleged to have aggravated a pre-existing condition in her right

foot, and has caused swelling in her left leg. *Id.* Under a negligence claim, Osborne seeks recovery for injuries, pain and suffering, past and future medical expenses, loss of earnings and mental anguish, and punitive damages. (Doc. 1-3). Osborne filed suit in Montgomery County Circuit Court, and Cintas timely removed. (Doc. 1).

## II.     ARGUMENTS

Osborne argues that in a removal case, such as this one, the removing party bears the burden of establishing the jurisdictional amount-in-controversy by a preponderance of the evidence, and that because Osborne's Complaint pled unspecified damages, Cintas cannot meet its burden to support removal. (Doc. 6) at 3. Cintas counters with a twofold strategy: First, it notes a series of district court orders finding that a plaintiff who pleads unspecified damage amounts must include an affidavit disclaiming an amount-in-controversy greater than $74,999 to defeat diversity jurisdiction. (Doc. 10) at 4-5. Second, Cintas argues the nature of Osborne's Complaint – which seeks damages for pain and suffering, future medical expenses, lost earnings, emotional distress, and punitive damages – provides a permissible inference that Osborne has placed $75,000 in controversy. Osborne, in rebuttal, argues: "Defendants [sic] rely solely on the allegations from the complaint as set out above. These allegations are devoid of 'specific facts on the amount in controversy,' and Defendants have not provided 'their own affadavits, declarations, or other documentation' in support of federal jurisdiction. The Court is left with no other evidence from Defendants from which it can draw 'reasonable inferences and deductions.'" (Doc. 11) at 6 (internal citations omitted).

### III.     ANALYSIS

Although the parties spend a great deal of their briefs battling over the relevance of various district court orders, this Court need not separate the wheat from the chaff because the Eleventh Circuit has already provided sufficient guidance to reach a dispositive outcome in this case.

First, a capsule of the governing rules: In removal cases, "the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (internal quotes and citations omitted). That party "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Furthermore, "in such absence [of factual allegations], the existence of jurisdiction should not be divined by looking to the stars." *Lowery* at 1215. Although jurisdiction should not be divined by looking into the stars, and "such speculation is frowned upon," *Lowery* at 1211, courts may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing." *Pretka* at 754. "An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that is known to exist." *Id*. (internal quotes and cites omitted). If the question of removal appears to be a close one, the court errs on the side of remand: "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

108–09 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

With those principles in mind, we turn to the matter at hand. Here, Cintas' Notice of Removal simply restates the allegations of Osborne's Complaint, and then concludes, based on other similar cases with similar pleadings, that the $75,000 amount-in-controversy requirement is, more likely than not, met. (Doc. 1) at 4-8. Notably, however, Cintas supplies no external evidence of the amount likely to be in controversy, thus placing its Notice of Removal in the category of what the *Lowery* court termed "the naked pleadings." *Lowery* at 1209. The *Lowery* court struggled with the paradox of how a defendant was to carry its burden of proof with no evidence: "We note, however, that in situations like the present one—where damages are unspecified and only the bare pleadings are available—we are at a loss as to how to apply the preponderance burden meaningfully." *Id.* at 1210.

In response to this concern, the *Pretka* court subsequently noted that a defendant has a wide range of *evidentiary* tools to help prove jurisdiction: "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation […]" *Id.* at 755. *Pretka*, it is worth noting, also largely validates the defendant's argument, (Doc. 10) at 10-11, that *Lowery* sweeps too broadly and only provides the plaintiff with persuasive dicta, rather than binding precedent. Nevertheless, *Pretka* clearly contemplates—and allows—a defendant the

4

chance to augment naked pleadings to carry its burden. *Pretka* at 753 ("The record in *Lowery* contained only 'naked pleadings'– no specific details, no discovery, no affidavits or declarations, no testimony, no interrogatories, and no exhibits *other than the complaints*. We took pains to emphasize that fact. Over and over.") (emphasis added). Indeed, the *Pretka* court found that removal was proper with the benefit of the disputed contract attached to the complaint, the defendant's declaration providing more details about the amount of money involved in the transaction, and another declaration with yet more details on the opposition to the plaintiff's motion to remand. *Id.* at 768. This evidence proved to the court that the defendant "possesses non-speculative knowledge of the amount of every putative class member's claim." *Id.* at 771.

In contrast, the "evidence" Cintas attempts to present in the instant case more closely resembles that considered—and rejected—by the *Lowery* court. *See id.* at 1220-21 ("The additional 'evidence' contained in the supplement likewise fails to support the defendants' contention that the district court had jurisdiction over this action. . . . Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute—with a record bereft of detail—we cannot possibly ascertain how similar the current action is to those the defendants cite.").

As an initial matter, Cintas' argument–that Osborne's pleading of certain types of damages without disclaiming a $75,000 amount in controversy itself proves the amount in


controversy, (Doc. 10) at 4-6,– appears to contradict the spirit of the Eleventh Circuit's longheld view that Cintas, in this case, bears the burden of proof. Furthermore, this viewpoint, apparently originating with a few district courts in the Northern District of Alabama, has been more recently rejected in this district. *See Kumi v. Costo Wholesale Corp.*, 2019 WL 6359151, at *3 (M.D. Ala. Nov. 27, 2019) ("The court declines to follow *Jones* or *Smith*, which are 'not binding or persuasive authority,' and impermissibly convert the *removing party's* burden to *establish* jurisdiction into a burden on the *non-removing party* to *defeat* jurisdiction.") (internal cites omitted).

    The many cases cited by Cintas on the compensatory damages claim fail to remedy the fundamental problem facing the undersigned, which is that this Court lacks *evidence* of the value of *these* claims. No matter how similar other previous cases may be, Cintas is requiring this Court to speculate on the value of the claims in this case by comparing them to others. Lacking further evidence, the Court will not do so.

    For the same reason, Cintas' arguments regarding punitive damages also fails. To pass constitutional muster, punitive damages cannot have an excessive ratio to compensatory damages. *BMW of N. Amer., Inc. v. Gore*, 517 U.S. 559, 580 (1996). Here we have no starting point with compensatory damages, and by extension, trying to establish jurisdiction via punitive damages with this record would necessarily involve speculation. *See also Lowery* at 1189, 1220-21 (rejecting as speculative the defendant's jurisdictional argument that plaintiffs in other recent mass tort actions in Alabama had received jury verdicts or settlements greater than the $5 million amount-in-controversy requirement).

Additionally, it is true that "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Because this is a diversity case, state law governs substantive issues. *Id.* at 1534. Plaintiff's Complaint only contains one count of negligence. (Doc. 1-1) at 2. However, under Alabama law, "[p]unitive damages cannot be awarded on a negligence claim." *Lafarge N. Amer., Inc. v. Nord*, 86 So. 3d 326, 335 (Ala. 2011). Therefore, the current pleadings establish to a legal certainty that punitive damages cannot be recovered, and therefore, cannot be factored into the amount-in-controversy requirement.

As a final point of consideration, Cintas complains that Osborne "[t]actically . . . does not seek a specific amount of damages, yet the pleading sets forth the following allegations . . . which demonstrates that more likely than not, the amount in controversy exceeds $75,000." (Doc. 10) at 2. The Eleventh Circuit has recognized the ability of plaintiffs to exploit the removing defendant's burden of proof. *See Roe v. Michelin N. Amer., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("[A] plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims. . . Plaintiffs skilled in this form of artful pleading could, with this trick, simply make federal jurisdiction disappear."). *See also Pretka* at 767 ("Admittedly, a plaintiff's 'artful pleading' trick probably would not fool the judicial audience forever. At some point during the performance—perhaps during discovery or even at trial—the

plaintiff likely would have to provide the defendant with some 'other paper' indicating the value of the claims. The defendant's receipt of that document might trigger a new thirty-day period in which removal is timely.") (citing 28 U.S.C. § 1446(b)).

If Cintas believes that Osborne has artfully pleaded her way out of federal jurisdiction, the statute provides such a remedy. However, this Court does not have the leeway to create jurisdiction where it is in doubt.

## CONCLUSION

For the reasons stated more fully above, it is

ORDERED that Plaintiff's Motion to Remand (Doc. 6) is GRANTED and this action is REMANDED to the Circuit Court of Montgomery County, Alabama. The Clerk of Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this the 11th day of June, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE